## Hoats *v.* Aschbach, Appellant.

*Promissory note—Fraud—Evidence.*

In a suit on a promissory note, it appeared that the maker of the note, who was the defendant, gave the note to the payee in payment for an order for slate which turned out to be fraudulent. The plaintiff discounted the note, and paid the proceeds over to the payee. There was no evidence that plaintiff had knowledge of the fraudulent character of the slate order or that he participated in the proceeds of the fraud. *Held*, that it was proper to give binding instructions for plaintiff.

Argued Jan. 31, 1894. Appeal, No. 197, Jan. T., 1894, by defendant, Gerhard C. Aschbach, from judgment of C. P. Lehigh Co., Sept. T., 1891, No. 38, on verdict for plaintiff, Morris Hoats. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit on promissory note. Before ALBRIGHT, P. J.

At the trial, it appeared that on Oct. 4, 1889, plaintiff and W. P. Snyder called on defendant at his place of business and presented the following order for slate, signed by F. M. Hower : "Cherryville, Pa., Oct. 2, 1889. Mr. W. P. Snyder, Dear Sir : Your order for 150 sq. of slate, [at etc.] is noted and will be shipped per your order as paid." Snyder said the slate had been paid for. Plaintiff then advised defendant to accept the order. Plaintiff objected to a telegram being sent to Hower, questioning the order. Defendant finally bought the order, and, in payment, it was agreed Snyder should take a piano worth $350, should pay an old bill of $45.00 which he owed defendant, and which was then in plaintiff's hands for collection, and the balance, $255, should be paid to Snyder in cash. Defendant then stated that he did not have the money to pay Snyder the balance in cash, whereupon plaintiff proposed that defendant should give a note for the balance, $255, payable to the order of Snyder, that Snyder should indorse it, and he (plaintiff) would discount it and give Snyder the money for it. The order was then assigned to defendant by Snyder, and defendant then signed the note in suit to the order of Snyder, who at once indorsed it and gave it to plaintiff, who gave Snyder $240 for it, deducting therefrom the sum of $15.00, which Snyder then owed plaintiff.

The order was genuine but the slate had not been paid for. It did not appear from the evidence that plaintiff was connected with the fraud.

The court charged in part as follows:

" [ There seems to be no doubt that the defendant when he made this note and passed it off to the plaintiff was deceived by somebody; it is probably not too much to say that he was defrauded. But the main effort on the trial was to show that the plaintiff was to blame for the wrong that had been done. If that were the fact then he could not recover. But upon examining the evidence submitted carefully after it was written out, the court came to the conclusion that there was no evidence in the case from which a jury could find, if a fraud was practiced on the defendant, that the plaintiff was connected with it—no evidence in the case from which a jury could find that he was a party to any scheme to cheat the defendant and to obtain the note; and this being the case, the court is bound to give positive instructions to the jury, and therefore we instruct you that you find a verdict in favor of the plaintiff for the amount of the note with interest: $314.75 is now admitted by the parties to be the correct amount due.] " [1]

Plaintiff's request for binding instructions was complied with. [2]

Verdict and judgment for plaintiff for $314.75.

*Errors assigned* were (1, 2) instructions, quoting them.

*John Rupp, James B. Deshler* with him, for appellant, cited : Howard Express Co. v. Wile, 64 Pa. 201; Hyatt v. Johnston, 91 Pa. 200; Raby v. Cell, 85 Pa. 80; Bank v. Wirebach, 106 Pa. 37.

*Edward Harvey,* for appellee, cited: Phelan v. Moss, 67 Pa. 59; Goodman v. Harvey, 4 A. & E. 870; Bank v. Dorchester & Milton Bank, 10 Cush. 488; McSparren v. Neeley, 91 Pa. 17; Mason v. Frick, 105 Pa. 162; State Bank v. McCoy, 69 Pa. 204; Moorehead v. Gilmore, 77 Pa. 119; Saylor v. Bank, 1 Walker, 328; Houk v. Foley, 2 P. & W. 245; Cooley on Torts, 474; Rapalje & Lawrence's Law Dic. 228; McDowell v. Rissell, 37 Pa. 164; Bear's Est., 60 Pa. 436; Mead v. Con-

roe, 113 Pa. 220; Jones v. Lewis, 148 Pa. 234; Battles &
Webster v. Laudenslager, 84 Pa. 446; Abbey v. Dewey, 25
Pa. 413; Express Co. v. Wile, 64 Pa. 201; Lerch v. Bard, 153
Pa. 575.

PER CURIAM, February 12, 1894:

It was proved on the trial and not at all contradicted, that
Hoats advanced to Snyder the whole amount of the note in
controversy, less the discount.   There was not a particle of
proof that Hoats got back from Snyder any of the money paid
him except a small account for fees which Snyder owed him,
and there was no evidence whatever that Hoats participated
in the proceeds of the fraud.   It is impossible to perceive there-
fore why he would join with Snyder in imposing upon Asch-
bach a fraudulent order for the slate.   After a very careful
reading of defendant's testimony, we agree with the learned
judge of the court below in holding that there is no evidence
in the case sufficient to connect Hoats with the fraud, and
therefore we are of opinion that the direction to find a verdict
for the plaintiff was correct.

Judgment affirmed.